**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

ANDREW WILLIAM ECKERD,

        Petitioner,

      v.

ANNETTIA TOBY,

        Respondent.

CIVIL ACTION NO.: 2:19-cv-154

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Presently before the Court are Petitioner Andrew Eckerd's ("Eckerd") 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus and Response to the Court's March 9, 2021 Order.  Docs. 1, 6.  For the reasons which follow, I **RECOMMEND** the Court **DISMISS without prejudice** Eckerd's § 2254 Petition based on his failure to exhaust, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Eckerd *in forma pauperis* status on appeal and a Certificate of Appealability.[1]

---

[1]    A "district court can only dismiss an action on its own motion as long as the procedure employed is fair . . . .  To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond."  Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted).  A magistrate judge's Report and Recommendation provides such notice and opportunity to respond.  See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting report and recommendation served as notice that claims would be sua sponte dismissed).  This Report and Recommendation constitutes fair notice to Eckerd his suit is due to be dismissed.  As indicated below, Eckerd will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

**BACKGROUND**

On December 9, 2019, Eckerd filed a § 2254 Petition attacking criminal proceedings in

Glynn County, Georgia, and a motion for leave to proceed *in forma pauperis*.  Docs. 1, 2.  The

Court denied as moot Eckerd's motion for leave to proceed *in forma pauperis*, as Eckerd paid the

requisite filing fee.  Doc. 4.  By this same Order, the Court directed Eckerd to notify the Court of

his current whereabouts and to address whether he was still "in custody" for purposes of § 2254

because Eckerd had been released from the Georgia Department of Corrections' custody.

Doc. 5.  Eckerd responded to that Order, stating he was "discharged from" the Department of

Corrections' custody on December 15, 2019, but was arrested on January 5, 2020, on a

misdemeanor battery charge and was transferred to the Glynn County Detention Center on

January 11, 2020, based on probation violations stemming from his 2013 and 2015 Glynn

County prosecutions.  Doc. 6 at 2.

**DISCUSSION**

In his Petition, Eckerd contests his 2013 and 2015 Glynn County prosecutions.  Doc. 1 at

1.  Eckerd maintains he filed a direct appeal with the Georgia Court of Appeals, but his appeal

was returned based on there being no record of his case.  Id. at 2.  However, Eckerd also states

Glynn County Superior Court Judge Stephen Kelley denied his out-of-time appeal.  Id.  Eckerd

filed a state habeas corpus application with the Chattooga County Superior Court in 2017, which

has been transferred upon his request, but he has not received a response as of the date of his

current § 2254 Petition.  Thus, Eckerd asserts his state habeas remedies should be deemed

exhausted.  Id. at 2–3.

I.      **Whether Eckerd Exhausted his State Remedies**

Eckerd's Petition should be dismissed because he failed to exhaust his available state

remedies prior to filing his Petition.  Prior to filing a petition for writ of habeas corpus in federal

court, a petitioner must first satisfy the requirement that he seek relief from the courts within his

state of conviction.  That requirement is as follows:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted unless it appears
> that–
>
>> (A) the applicant has exhausted the remedies available in the courts of the
>> State; or
>>
>> (B)(i) there is an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process ineffective to protect the
>> rights of the applicant.

28 U.S.C. § 2254(b)(1).  "An applicant shall not be deemed to have exhausted the remedies

available in the courts of the State, within the meaning of this section, if he has the right under

the law of the State to raise, by any available procedure, the question presented."  28 U.S.C.

§ 2254(c).  The United States Supreme Court has held "a state prisoner must present his claims

to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion

requirement" when discretionary review "is part of the ordinary appellate review process in the

State."  O'Sullivan v. Boerckel, 526 U.S. 838, 839–40, 847 (1999).  Therefore, in order to

exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve

any constitutional issues by invoking one complete round of the State's established appellate

review process."  Id. at 845.  This exhaustion requirement also extends to a state's collateral

review process.  Gary v. Ga. Diagnostic Prison, 686 F.3d 1261, 1274 (11th Cir. 2012); Pope v.

Rich, 358 F.3d 852, 854 (11th Cir. 2004).  Failure to exhaust all claims or to demonstrate that

exhaustion is futile prior to bringing a § 2254 petition requires that the petition be dismissed. See Nelson v. Schofeld, 371 F.3d 768, 771 (11th Cir. 2004), *superseded by rule on other grounds, as recognized in* Hills v. Washington, 441 F.3d 1374 (11th Cir. 2006).

While a state prisoner's failure to exhaust his remedies in state court ordinarily will result in the automatic dismissal of his federal habeas petition, this is not always true. See 28 U.S.C. §§ 2254(b) & (c). First, a court may deny a petition on the merits without requiring exhaustion "if it is perfectly clear that the applicant does not raise a colorable federal claim." Granberry v. Greer, 481 U.S. 129, 135 (1987); 28 U.S.C. § 2254(b)(2). The State may also explicitly waive the exhaustion requirement. Hills, 441 F.3d at 1376. Finally, a court should not require exhaustion if it has been shown that "there is an absence of available State corrective process," or that "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). The exhaustion requirement should not be applied "if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991).

Eckerd has not shown this Court should entertain his federal petition.[2] It appears from the face of his Petition he has not exhausted his state remedies prior to the filing of his Petition. In addition, there is no evidence corrective process in the State of Georgia is unavailable. See O.C.G.A. § 9-14-40 *et seq.*(setting forth Georgia's general habeas proceedings). Judge Kelley denied Eckerd's pro se motion for an out-of-time appeal on November 15, 2017, and advised Eckerd the matter would be more appropriately addressed in a habeas action. Doc. 1-3 at 4.

---

[2]    Pursuant to Rule 4 of the Rules Governing § 2254 Cases:

   The clerk must promptly forward the petition to a judge . . ., and the judge must promptly examine [the petition]. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Eckerd executed a notice of appeal to the Court of Appeals of Georgia on November 22, 2017,

relating to Judge Kelley's order.  Id. at 5.  Eckerd's state habeas application was already filed in

the Chattooga County Superior Court.  Id. at 19.  This "notice of appeal" was returned on

December 5, 2017, as there was no pending appeal in Eckerd's name and he was to file a notice

of appeal in the trial court under O.C.G.A. § 5-6-37.[3]  Id. at 21.  Eckerd's state application for

habeas relief was executed on June 6, 2017, and filed in the Chattooga County Superior Court on

August 22, 2017, and he indicated he had not filed an appeal from his conviction.  Doc. 1-5 at 3,

4, 9.  The state responded on December 11, 2017.  Id. at 15.  Eckerd filed an amended

application on January 9, 2018, and stated he had a pending appeal of his conviction.  Id. at 18,

19.  The Chattooga County Superior Court transferred Eckerd's petition to the Macon County

Superior Court after learning Eckerd had been transferred to Macon State Prison on September

10, 2018.  Id. at 40.  Eckerd then filed a second amended application on December 21, 2018.  Id.

at 53.  Eckerd attempted to have his state habeas proceedings transferred to where he was

housed, and the Chatham County Superior Court Clerk informed him by letter dated January 29,

2019, the transfer request must be initiated in the court where his application was pending.  Id. at

61.  It appears Eckerd attempted to send paperwork relating to his state habeas proceedings to the

Hancock County Superior Court as recently as August 2019.  Id. at 65.  Eckerd initiated this

action just a few months later.  Doc. 1.

  Eckerd has not shown there has been an unreasonable amount of time which has elapsed

since the time he filed his state application for habeas corpus relief and the date of the filing of

---

[3]  Indeed, there are no records for Eckerd in either the Georgia Court of Appeals or the Georgia Supreme Court.  https://www.gaappeals.us/docket/results_all.php?searchterm=Eckerd&submit=Search (last visited Apr. 14, 2021); https://scweb.gasupreme.org:8088/results_style.php?searchterm=Eckerd&submit=Search (last visited Apr. 14, 2021).

his federal habeas corpus Petition.  See Cook v. Fla. Parole & Prob. Comm'n, 749 F.2d 678, 680

(11th Cir. 1985) (noting the exhaustion of state remedies may be excused in a situation where

there has been "unreasonable, unexplained delays in acting on a petitioner's motion for state

relief[ ]" but finding a three-and-one-half-year delay in the state courts insufficient to excuse

exhaustion); cf. Cail v. Smith, CV605-41, 2006 WL 566106, at *4 (S.D. Ga. March 6, 2006)

(finding a nine-year plus "standstill" in the petitioner's state case an inappropriate basis upon

which to grant the motion to dismiss for failure to exhaust state remedies).  Eckerd filed his state

habeas application on August 22, 2017, and he executed his §2254 Petition on November 29,

2019, which was filed with this Court on December 9, 2019.  Doc. 1 at 19.  Barely two years

elapsed since Eckerd filed his state habeas application before he filed his § 2254 Petition.  What

is more, Eckerd filed 28 U.S.C. § 2241 petitions contesting his Glynn County prosecutions prior

to filing the instant cause of action, and this Court determined Eckerd had not exhausted his state

remedies at that time.  R. & R. and Order, Eckerd v. Perry, 2:18-cv-42 (S.D. Ga. May 1 & June

3, 2019), ECF Nos. 17, 18.  Eckerd presents nothing revealing he has since exhausted his state

remedies.

        In addition, Eckerd admits he was released from the Georgia Department of Corrections'

custody on December 15, 2019, which was only six days after his § 2254 Petition was filed.

Doc. 6 at 2.  Eckerd arguably is "in custody" for habeas purposes based on his contention he is

housed at the Glynn County Detention Center to answer charges based on alleged violations of

his probation stemming from his 2013 and 2015 prosecutions.  Id.  He states he has been at the

Glynn County Detention Center since October 29, 2020, without having been granted a

reasonable bond, and he made a motion regarding the same on March 9, 2021.  Id. at 1.  Not only

does Eckerd admit he no longer is under the Georgia Department of Corrections' custody based

on the same grounds he raised in his Petition, perhaps rendering his § 2254 Petition moot in addition to being unexhausted, it is clear he cannot have exhausted his state remedies as to his 2020 proceedings.  In addition, any claims relating to 2020 proceedings are unrelated to his current Petition.

Regardless, the face of Eckerd's Petition, combined with his recent Response to this Court's Order, demonstrates Eckerd has initiated but not concluded his state-court habeas proceedings, and an unreasonable amount of time has not passed since Eckerd initiated those proceedings.  Therefore, Eckerd failed to exhaust his available state remedies prior to filing his § 2254 Petition, and his Petition should be dismissed, without prejudice.

**II.      Leave to Appeal *in Forma Pauperis* and Certificate of Appealability**

The Court should also deny Eckerd leave to appeal *in forma pauperis* and a Certificate of Appealability.  Though Eckerd has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal.  Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, "the district court <u>must</u> issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (emphasis supplied); <u>see also</u> Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard. <u>Busch v. County of Volusia</u>, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual

allegations are clearly baseless or the legal theories are indisputably meritless. <u>Neitzke v.</u> <u>Williams</u>, 490 U.S. 319, 327 (1989); <u>Carroll v. Gross</u>, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." <u>Napier v. Preslicka</u>, 314 F.3d 528, 531 (11th Cir. 2002); <u>see also</u> <u>Brown v.</u> <u>United States</u>, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a Certificate of Appealability is issued. A Certificate of Appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a Certificate of Appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003). In order to obtain a Certificate of Appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." <u>Id.</u> "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); <u>see also</u> <u>Franklin v. Hightower</u>, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." <u>Miller-El</u>, 537 U.S. at 336.

Based on the above analysis of Eckerd's Petition and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be

taken in good faith.  Thus, the Court should likewise **DENY** Eckerd *in forma pauperis* status on appeal.

**CONCLUSION**

Based on the foregoing, I **RECOMMEND** the Court **DISMISS without prejudice** Eckerd's § 2254 Petition based on his failure to exhaust, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Eckerd *in forma pauperis* status on appeal and a Certificate of Appealability.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by

or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 14th day of April, 2021.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA